IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LOUIS MOSS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  3:05-CV-0170-K (BH) |
| | ) | ECF |
| CITY OF GRAND PRAIRIE, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

On January 26, 2005, the Court received the complaint filed in this action.  On February 15, 2005, the Court granted him leave to proceed *in forma pauperis* and informed him that he must "notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk."  That order also warned plaintiff that the "[f]ailure to file such notice may result in this case being dismissed for want of prosecution."  That same date, the Court mailed plaintiff a Magistrate Judge's Questionnaire, which also informed him of the duty to apprise the Court of any change of address.

By Standing Order filed November 30, 2005, the Court designated this case for Electronic Case Filing (ECF).  On December 23, 2005, that order was returned to the Court as undeliverable with the notation: "Return to Sender.  Not Deliverable as Addressed.  Unable to Forward."  Plaintiff has thus changed addresses without notifying the Court.  Such action violates the direct orders of the

Court that he notify the Court of any change of address, and exhibits an inclination not to prosecute this action.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff has failed to comply with the order of the Court that he notify the Court of any change of address.  Accordingly, the Court should dismiss his complaint.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 23rd day of January, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3